IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TIMMY LAMONT KITCHEN            PLAINTIFF

v.        Civil No. 1:12-cv-01034

ASHLEY COUNTY DETENTION CENTER;
JOHN LILES; STEVEN GRIEVER; and
SUSAN TANKLEYS            DEFENDANTS

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Timmy Kitchen originally filed this case *pro se* pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas. The Eastern District properly transferred the case to this Court on April 4, 2012. ECF No. 3. Now before the Court is Plaintiff's continuous failure to comply with the Court's orders and prosecute this case.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. After careful consideration, the undersigned makes the following Report and Recommendation.

**I.**      **BACKGROUND**

At the time he filed his Complaint, Plaintiff was an inmate of the Ashley County Detention Center ("ACDC") in Hamburg, Arkansas. It appears Plaintiff is no longer incarcerated.

In Plaintiff's Complaint and Addendum, he alleges (1) Defendant Liles injured his wrist while transporting him to Court; and (2) he received a head injury from an ADC inmate but no one will take him to the doctor. ECF No. 2, p. 4.

1

On June 27, 2012, the Court issued an Order stating it would benefit from additional information from Plaintiff and directing him to complete and return an attached questionnaire by July 23, 2012.  ECF No. 8.  Plaintiff failed to do so.

On November 5, 2012, the Court issued an Order to Show Cause.  ECF No. 10.  In this Order, the Court directed Plaintiff to show cause why he failed to comply with the Court's June 27, 2012 Order by completing and returning the questionnaire by November 26, 2012.  The Court also advised Plaintiff failure to comply with the Order to Show Cause would result in the dismissal of this case.  ECF No. 10.  This Order was sent to Plaintiff's address of record at the ACDC but returned as undeliverable.  In response to this return, the Court, upon its own research, located the home address Plaintiff provided the ACDC when he was booked—202 Parker Street, Wilmot, Arkansas 71676.  On December 14, 2012, the Court changed Plaintiff's address of record to the Wilmot address and resent the November 5, 2012 Order to Show Cause (ECF No. 10) and the June 27, 2012 Order and questionnaire (ECF No. 8).  ECF No. 11.  The Court extended Plaintiff's deadline to show cause to January 7, 2013, and also advised Plaintiff that failure to keep the Court informed of his current address may subject this case to dismissal.  ECF No. 11.  The Court did not receive this Order returned as undeliverable.

Plaintiff failed to respond to the Court's December 14, 2012 Order.  In fact, Plaintiff has never communicated with the Court.  The last filing Plaintiff made in this case was in March 2012 before it was transferred to this Court.

## II.    APPLICABLE LAW

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir.

1984).  Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'"  *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).  Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000).  The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

### III.    DISCUSSION

Plaintiff has failed to comply with two Court orders.  First he failed to complete and return the Court prepared questionnaire.  ECF No. 8.  Then he failed to respond to the Order to Show Cause when it was re-sent to his new Wilmot address.  ECF No. 11.  Further, Plaintiff has failed

to comply with Local Rule 5.5(c)(2) by keeping the Court informed of his current address. Plaintiff has also failed to prosecute this case and has not made a filing in this case in over a year.

Because the Court's December 14, 2012 Order was not returned as undeliverable the Court presumes Plaintiff received it and willfully disobeyed it. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) the Court recommends Plaintiff's complaint be dismissed with prejudice. *See Hunt,* 203 F.3d at 527.

Accordingly, Plaintiff's Complaint should be dismissed with prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this action. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

### IV.    CONCLUSION

For the foregoing reasons, I recommend Plaintiff's Complaint (ECF No. 2) be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Local Rules and the Court's Orders and failed to prosecute this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **6th day of May 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

4